UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHARLES ALBERT MENDY, ET AL.**          CIVIL ACTION

**VERSUS**                                NO:       09-6286

**OMNI BANCSHARES, INC., ET AL.**         SECTION: "S" (4)

### ORDER

**IT IS ORDERED** that the **Ex Parte Motion for Expedited Hearing on Motion to Quash Interrogatories, Requests for Production, Notice of Deposition, and Notice of Inspection (R. Doc. 51)** is hereby **GRANTED**.  The underlying motion will be considered on the briefs

Before the Court is a **Motion to Quash Interrogatories, Requests for Production, Notice of Deposition, and Request to Inspect (R. Doc. 50)** filed by the Defendant, Omni Bancshares, Inc. seeking an Order quashing the Plaintiff's first set of Interrogatories, Requests for Production of Documents, and a Notice of 30(b)(6) deposition and Notice of Intent and Request for Inspection

According to the Scheduling Order, the deadline to *complete* discovery was May 16, 2011. (R. Doc. 33, p.; 2.)  The Scheduling Order provides that "[d]eadlines, or cut-off dates fixed herein may only be extended upon timely application and upon a showing of good cause." *Id.* at 3.

Under the Federal Rules of Civil Procedure, a scheduling order may only be modified for good cause shown and with the Judge's consent. Fed. R. Civ. Pro. 16(b)(4). In determining whether a party has provided good cause to seek discovery beyond the deadline set in the Scheduling Order, Courts may examine four factors: "(1) the explanation for the untimely conduct; (2) the importance of the

requested untimely action; (3) the potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice." *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008) (citing *S & W Enters., LLC v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC*, 315 F.3d at 535 (internal quotations and citations omitted).

The Plaintiff did not serve his interrogatories until May 16, 2011, the last day to complete discovery under the Scheduling Order. His requests for production of documents was not served until May 17, 2011. His Notice of Inspection and Notice of 30(b)(6) deposition was not served until June 1, 2011. The Plaintiff's discovery requests are untimely.

Accordingly,

**IT IS ORDERED** that Houston Casualty Company's **Motion to Quash Interrogatories, Requests for Production, Notice of Deposition, and Request to Inspect (R. Doc. 50)** is hereby **GRANTED** and the Plaintiff's discovery requests are hereby **QUASHED**.

New Orleans, Louisiana, this 17th day of June, 2011.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**