UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES ALBERT MENDY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-6286** |
| **OMNI BANCSHARES, INC., ET AL.** | **SECTION: "S" (4)** |

### ORDER

**IT IS ORDERED** that the **Ex Parte Motion for Expedited Hearing on Defendant's Motion to Compel Plaintiffs' Production of Documents (R. Doc. 58)** is hereby **GRANTED**. The underlying motion will be considered on the briefs

Before the Court is a **Defendant's Motion to Compel Plaintiffs' Production of Documents (R. Doc. 57)** filed by the Defendant, Omni Bank, seeking an Order compelling the production of documents from the Plaintiffs, Charles A. Mendy and Dominique F. Mendy. Omni Bank contends that it propounded its Interrogatories and Requests for Production of Documents on April 14, 2011. It did not receive responses until June 10, 2011. Omni Bank contends that these responses are "dilatory."

According to the Scheduling Order, the deadline to *complete* discovery was May 16, 2011. (R. Doc. 33, p.; 2.) The Scheduling Order provides that "[d]eadlines, or cut-off dates fixed herein may only be extended upon timely application and upon a showing of good cause." *Id.* at 3. Trial is set to commence on July 25, 2011.

Under the Federal Rules of Civil Procedure, a scheduling order may only be modified for good cause shown and with the Judge's consent. Fed. R. Civ. Pro. 16(b)(4). In determining whether a party

has provided good cause to seek discovery beyond the deadline set in the Scheduling Order, Courts may examine four factors: "(1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) the potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice." *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008) (citing *S & W Enters., LLC v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC*, 315 F.3d at 535 (internal quotations and citations omitted).

Omni Bank concedes that the discovery deadline in this matter was May 16, 2011. It contends that it timely mailed and e-mailed the Plaintiff's counsel its requests for production on April 14, 2010, thirty-two (32) days before the discovery deadline. However, the Plaintiffs failed to respond until June 10, 2011. Plaintiff's counsel further informed Omni Bank that it would not produce any documents in response to its discovery requests until the Defendant produced documents and responded to the Plaintiff's Discovery Requests which were not propounded until May 16, 2011. These discovery requests were quashed by the undersigned on June 17, 2011, as untimely. (R. Doc. 55.)

Although Omni Bank propounded its discovery requests thirty-two (32) days before the discovery deadline, under the Federal Rules this only provided Omni Bank to two (2) days in which to resolve any discovery issues which resulted from the Plaintiff's responses. When Omni Bank did not receive a timely response from the Plaintiffs, it did not move this Court for an Order to compel a response prior to the close of the discovery deadline. The Scheduling Order explicitly states that the deadline in which to *complete* discovery was May 16, 2011. This motion was not filed until June 21, 2011, thirty-six (36) days after the close of discovery and eleven (11) days after Omni Bank first received deficient responses from the Plaintiffs. Omni Bank has provided the Court with no reason

for its failure to file a motion within the discovery period and has otherwise failed to state good cause to modify the presiding Judge's Scheduling Order.

Accordingly,

**IT IS ORDERED** that Omni Bank's **Defendant's Motion to Compel Plaintiffs' Production of Documents (R. Doc. 57)** is hereby **DENIED**.

New Orleans, Louisiana, this 22nd day of June, 2011.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**