UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES ALBERT MENDY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-6286** |
| **OMNI BANCSHARES, INC., ET AL.** | **SECTION: "S" (4)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Delay Decision on Defendant OMNI BANK's Motion for Summary Judgment and to Compel Deposition of Robert Stone and OMNI BANK (Doc. #83) is **DENIED**.

**IT IS HEREBY ORDERED** that OMNI BANK's Motion for Partial Summary Judgment regarding plaintiffs' discrimination claims (Doc. #45), is **GRANTED**, and plaintiff's discrimination claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiffs' remaining state law claims are **DISMISSED WITHOUT PREJUDICE**.

BACKGROUND

On February 1, 2004, defendant OMNI BANK ("OMNI"), issued a commercial loan to plaintiff, Charles A. Mendy ("Mendy"), in the amount of $197,000. Mendy used the money to purchase investment properties located at 4200 and 4208 Erato Street, 1476-78 N. Galvez Street, and 2020 Columbus Street in New Orleans, Louisiana. The loan was evidenced by a promissory note, and was secured by a first mortgage on the property.

On April 20, 2004, OMNI granted another commercial loan to Mendy for $100,000. Mendy used this money to buy investment property located at 908 N. Rendon, New Orleans, Louisiana. The loan was evidenced by a promissory note, and was secured by a first mortgage on the property.

On April 20, 2005, Mendy's commercial loan for $100,000 became due. Mendy renewed the loan by executing a new promissory note on May 12, 2005.

On February 1, 2007, Mendy's commercial loan for $197,000 became due. Mendy renewed the loan in the amount of $189,127.39 by executing a new promissory note on July 20, 2007.

Mendy defaulted on each of the loan payments, and OMNI began foreclosure proceedings in December 2008. On September 14, 2009, Mendy and his wife, Dominique Flicher Mendy ("Flicher") filed this action against OMNI alleging that OMNI discriminated against them with respect to the enforcement of Mendy's commercial loans by refusing to consider a workout agreement or explore ways to avert foreclosure and refusing to consider a short sale. Plaintiffs contend that they are members of a racial minority because Mendy is a black man from Africa, and Flicher is a white woman from France. They allege that they were treated differently with respect to the enforcement of Mendy's commercial loans than Jim Lindy, an American white man, because OMNI permitted Lindy to enter into a short sale of his property.

OMNI filed a motion for summary judgment on plaintiffs' race discrimination claims, arguing that plaintiffs' cannot present a *prima facie* case of race discrimination under § 1981, because they do not have any evidence that OMNI intentionally discriminated against them. Plaintiffs filed a motion to delay decision on OMNI's motion for summary judgment and to compel the deposition of Robert Stone and OMNI.

**ANALYSIS**

**A.      Plaintiffs' Motion to Delay Decision and Compel Deposition**

Plaintiffs' argue that the court should dely ruling on OMNI's motion for summary judgment until they take the deposition of Robert Stone, an OMNI employee involved with the administration of Mendy's commercial loans, and OMNI's corporate deposition. Plaintiffs contend that these depositions are necessary to obtain evidence relevant to their § 1981 discrimination claims.

Rule 56(d) of the Federal Rules of Civil Procedure, formerly Rule 56(f), provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1)      defer considering the motion or deny it;
>
> (2)      allow time to obtain affidavits or declarations or to take discovery; or
>
> (3)      issue any other appropriate order.

Because Rule 56(d) is "designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose,'" motions for discovery made under this rule are "'broadly favored and should be liberally granted.'" Raby v. Livingston, 600 F.3d 552, 561 (5th Cir. 2010) (quoting Culwell v. City of Fort Worth, 468 F.3d 868, 871 (5th Cir. 2006)). However, the party opposing the summary judgment, "'may not simply rely on vague assertions that additional discovery will produced needed, but unspecified facts.'" Id. (quoting SEC v. Spence & Green Chem. Co., 612 F.2d 896, 901 (5th Cir. 1980)). Instead, the Rule 56(d) motion must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame,

probably exist and indicate how the emergent facts, if adduced, will influence te outcome of the pending summary judgment motion.'" Id. (quoting C.B. Trucking, Inc. v. Waste Mgmt. Inc., 137 F.3d 41, 44 (1st Cir. 1998)). Further, a Rule 56(d) motion may be denied if a party had the opportunity to conduct discovery but did not diligently pursue it. Int'l Shortstop, Inc. v. Rally's Inc., 939 F.2d 1257, 1267 (5th Cir. 1991).

On May 16, 2011, plaintiff propounded interrogatories, requests for production of documents, and a notice of corporate deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure on OMNI. OMNI filed a motion to quash these discovery requests. The court granted OMNI's motion finding that the discovery requests were untimely because the scheduling order required that all discovery be completed by May 16, 2011. Plaintiffs are again seeking to take OMNI's corporate deposition beyond the discovery deadline. Because the court previously held that plaintiffs have not diligently pursued discovery in this matter, their Rule 56(d) motion is DENIED.

**B.    Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069,

1075 (5th Cir. 1994) (*en banc*).  If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**C.      Discrimination under 42 U.S.C. § 1981**

Pursuant to 42 U.S.C. § 1981, all persons within the jurisdiction of the United States have the same rights, regardless of race, to enter into and enforce contracts, including the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  42 U.S.C. § 1981(a)-(b).  Section 1981 prohibits discrimination based on race, including ancestry or ethnic characteristics, but does not apply to discrimination based on place or nation of origin.  Saint Francis College v. Al-Khazraji, 107 S.Ct. 2022, 2028 (1987) (respondent can make out a case under § 1981 if he can prove that he was subjected to intentional discrimination based on the fact that he was born an Arab, rather than solely on the place or nation of his origin, or his religion).

"The plaintiff bears the burden of persuading the court that he has established a *prima facie* showing of race discrimination." Monteverde v. New Orleans Fire Dept., 124 Fed. Appx. 900 (5th Cir. 2005) (citing Rubinstein v. Adm'rs of Tulane Educ. Fund, 218 F.3d 392, 399 (5th Cir. 2000)). To establish a *prima facie* case under § 1981, a plaintiff must show that "(1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute." Bellows v. Amoco

Oil Co., 118 F.3d 268, 274 (5th Cir. 1997). A plaintiff may rely on circumstantial evidence to establish that the defendant had a discriminatory motive. Id.

Mendy satisfies the first element because he is a black man. On the other hand, Flicher does not satisfy the first prong. She alleges that she was discriminated against because of her national origin, France. She does not allege that she was discriminated against due to some characteristic of being ethnically French. Because national origin claims are not cognizable under § 1981, Flicher's discrimination claims against OMNI are DISMISSED.

Mendy also satisfies the third element of establishing a *prima facie* case under § 1981. OMNI foreclosed on Mendy's properties, i.e. terminated the contracts, and did modify the contracts. Because the termination and modification of contracts are actions enumerated by § 1981, Mendy satisfies the third element of establishing a *prima facie* case of race discrimination under § 1981.

However, Mendy has not satisfied the second element of establishing a *prima facie* case for race discrimination under § 1981 because he has not produced any admissible evidence that OMNI acted with a discriminatory intent in foreclosing on his properties without considering a workout arrangement or short sale. In opposition to this motion, Meny offered the affidavit of his sister-in-law, Cheryl Mendy. Cheryl Mendy declares that OMNI entered into a short sale with and did not foreclose on Jim Lindy, who is white, while refusing to do so with Mendy.[1] The affidavit consists

---

[1] Plaintiffs also purport to support their assertions that Lindy received better treatment with the affidavits of Mendy and John Conry. However, the affidavits were not filed into the record, after requests from the court to complete the record.

of inadmissible hearsay statements regarding what Lindy allegedly told Cheryl Mendy.[2] Fed. R. Evid. 801, 802 (hearsay, an out of court statement offered for the truth of the matter asserted, is inadmissible unless an exception to the rule is applicable). Because Mendy did not establish by

---

[2] The affidavit states in pertinent part:

> In July 2009, Affiant contacted Jim Lindy about the possibility of buying two properties he had listed on Vendome Place.
>
> One of the properties was financed by Omni Bank and the other by Citibank.
>
> \* \* \*
>
> During the time that affiant and her husband Edward Mendy were in contact with Jim Lindy regarding the 4045 Vendome Property, affiant learnt that Omni Bank was the financ[i]er of the property.
>
> Affiant further learnt that the banking officer handling the transaction was Robert Stone.
>
> Omni Bank did consider a short sale for Jim Lindy.
>
> Omni Bank also pursued other options for Jim Lindy.
>
> Even though Jim Lindy was behind on his mortgage by more than a year, Omni Bank never initiated foreclosure proceedings against him.
>
> According to Mr. Lindy['s] representations, Omni Bank specifically informed him that they did not want to start any foreclosure proceedings against him and would give him all the time he needed to sell the property or otherwise come up with a workout solution acceptable to the bank.
>
> Omni Bank did eventually approve a sale of the property by Mr. Lindy in 2010 for less than the loan value.
>
> Omni Bank never initiated foreclosure proceedings against Mr. Lindy.

competent evidence that OMNI acted with discriminatory intent in foreclosing on his property, he has not established a *prima facie* case of race discrimination, and OMNI is entitled to summary judgment on Mendy's § 1981 race discrimination claims.

### D.     Plaintiffs' State Law Claims

Plaintiffs filed various state law claims against OMNI.  Because plaintiffs' federal claims have been dismissed, the court declines to exercise supplemental jurisdiction over their state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); see also Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir.1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.") Accordingly, plaintiffs' state law claims are DISMISSED WITHOUT PREJUDICE.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Rule 56 Motion to Delay Decision on Defendant OMNI BANK's Motion for Summary Judgment and to Compel Deposition of Robert Stone and OMNI BANK (Doc. #83) is **DENIED**.

**IT IS HEREBY ORDERED** that OMNI BANK's Motion for Partial Summary Judgment regarding plaintiffs' discrimination claims (Doc. #45), is **GRANTED**, and plaintiff's discrimination claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiffs' remaining state law claims are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this  19th  day of July, 2011.

                         **MARY ANN VIAL LEMMON**
                         **UNITED STATES DISTRICT JUDGE**